```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SEAN PRESSLEY,                       )
          Plaintiff,      )
                                     )
     v.                              )   Civil Action No. 01-2350
                                     )   Judge William L. Standish
SUPT. P. JOHNSON, C.O. CLARK,        )   Magistrate Judge Lenihan
C.O. YOLINSKY, C.O. M. FREEMAN,      )
C.O. G. FREEMAN, LT. BLAKELY,        )
CAPT. T. MCCONNELL, C.O. W. DUKE,    )
C.O. ABRAMS, C.O. CRUMB, CAPT.       )
CLAYBORNE, DR. REUDA, P.A.           )   Doc. No. 206
F. POLANDO, DEPUTY SUPT. DICKSON,    )
C.O. B. KNIGHT, C.O. FULLER, C.O.    )
NEIPORT, CAPT. SIMPSON, H.E.         )
MATHEWS, SGT. BEDILION, C.O.         )
FRIDLEY, C.O.S. POS. DOE, #1, LT.    )
E. FERSON, JOHN DOE, #2, C.O.        )
ONSTOTT, C.O. SHAFER, JOHN DOE, #3   )
LT. A. BOVO, C.O. ROSE, C.O.         )
JOHNSON, C.O. AKERS, SGT. GIDDENS,   )
LT. J. HOLMES, SUPT. CONNER          )
BLAINE, JOHN DOE, #4, MAJOR          )
HASSETT, DEPUTY SUPT. MILLER,        )
SMITH, MAHLMEISTER, BRUNO, CAPT.     )
GRAINEY, sued in their individual    )
and official capacities, C.O.        )
SIPOS, NURSE DANNER, JOHN DOE #5,    )
JOHN DOE #6, and JOHN DOE #7,        )
          Defendants.     )
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is recommended that Plaintiff's Motion for a Preliminary Injunction (doc. no. 206) be granted to the extent that it seeks an order requiring Defendants to comply with Pennsylvania Department of Corrections (DOC) policies and procedures and to the extent it seeks the return of his legal property in accordance with DOC policy.  To the extent that Plaintiff's motion seeks

additional privileges beyond those provided to inmates housed in disciplinary custody in the RHU, including any items specifically denied to Plaintiff by DOC officials based on legitimate penological concerns such as institutional security, such motion should be denied.

**II.   REPORT**

Plaintiff, Sean Pressley, an inmate currently incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Named as Defendants are various present and/or former employees of the Pennsylvania Department of Corrections (DOC).  In his Amended Complaint, Plaintiff claims that Defendants violated his rights as protected by the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, he seeks to impose liability against Defendants on the basis of their actions in allegedly retaliating against him for filing previous lawsuits and grievances and for filing false misconducts for which he has received a substantial time of disciplinary confinement.

**A.   Standard of Review - Preliminary Injunctive Relief**

Presently pending before the Court is Plaintiff's Motion for a Preliminary Injunction (doc. no. 206).  Only Defendant Rueda filed a response to this motion. This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65.

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity.  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances."  American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995).  The party seeking a preliminary injunction has the burden of demonstrating:  1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction.  Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).

   **B.   Plaintiff's Claims for Injunctive Relief**

Plaintiff's claims for injunctive relief are based upon his assertions that he is being denied adequate access to the courts.

Specifically, in his Motion, Plaintiff requests the following injunctive relief:

1. to enjoin Defendants from confiscating his litigation files from his cell or stored property;

2. to return Plaintiff's litigation files, including motions, briefs, orders, exhibits, notes, research, privileged correspondence, etc., that were confiscated from his cell or stored property;

3. to enjoin Defendants from refusing Plaintiff access to his litigation files on an equal amount for an equal amount basis in accordance with DOC policies and regulations; and

4. to enjoin Defendants from denying the use of the mini law library and comprehensive paging system in accordance with DOC institutional policy.

As a result of his misconducts, Plaintiff has been confined in the restricted housing unit (RHU) in disciplinary custody. The Pennsylvania Department of Corrections (DOC) policy, DC-ADM 802, provides specific limitations for inmates confined in disciplinary custody in RHUs in Pennsylvania correctional institutions. Specifically, inmates are permitted to maintain in their cells personal property, including legal and religious materials, that will fit into one records box. In addition, RHU inmates are provided access to the facility law library by requesting legal materials in accordance with local procedures.

A request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).  Plaintiff bears the burden of establishing a "clear showing of irreparable injury."  Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989).  This is not an easy burden.  Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).  "The word irreparable connotes "that which cannot be repaired, retrieved, put down again, atoned for . . .." Acierno, 40 F.3d at 653.[1]  Moreover, when considering the type of injury sustained by a party seeking relief, "the claimed injury cannot merely be possible, speculative or remote."  Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995).  An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ."  Acierno, 40 F.3d at 655 (citations omitted).  The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary

---

1.  *See also* Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988) (holding that the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages).

relief is denied.  United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990).

Here, Plaintiff complains that he is unable to pursue his civil action due to Defendants' actions in confiscating his legal materials, denying him access thereto, and denying him access to legal materials through the mini law library.  To the extent that Plaintiff's request for injunctive relief is seeking to require Defendants to permit him to enjoy the privileges accorded to any other inmate in disciplinary custody at SCI-Camp Hill, such request should be granted with the specific acknowledgment that DOC officials retain discretion to impose additional limitations upon inmates housed in disciplinary custody so long as such discretion is based on legitimate penological justification such as institutional security.  Thus, to the extent that Plaintiff is permitted to have one box of litigation files, including motions, briefs, orders, exhibits, research, privileged correspondence, etc., in his disciplinary cell, and to the extent that DOC has not exercised its discretion in refusing to allow him to have such items in his cell based on legitimate penological concerns, Plaintiff's request for injunctive relief to be permitted the use of these items should be granted.  Similarly, Plaintiff's request for injunctive relief to be permitted the use of the mini law library and the comprehensive paging system should be granted to the extent that Plaintiff is permitted to use the mini law library

and comprehensive paging system while he is housed in disciplinary custody and to the extent that DOC officials have not exercised their discretion in refusing him these privileges. To the extent that Plaintiff seeks the return of his legal materials, he is entitled to such privileges as are granted to other inmates housed in disciplinary custody in the RHU pursuant to DOC policy. See Abu-Jamal v. Price, 154 F.3d 128, 136 (3d Cir. 1998) (recognizing that a state inmate faced irreparable harm as result of the Pennsylvania Department of Corrections' conduct in opening and reading his legal mail as part of an investigation).

### III. **CONCLUSION**

It is recommended that Plaintiff's Motion for a Preliminary Injunction (doc. no. 206) be granted to the extent that it seeks an order requiring Defendants to comply with DOC policies and procedures concerning the privileges granted to inmates confined in disciplinary housing. To the extent that Plaintiff's motion seeks additional privileges beyond those provided to inmates housed in disciplinary custody in the RHU, including any items specifically denied to Plaintiff by DOC officials based on legitimate penological concerns such as institutional security, such motion should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

    s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

March 2, 2006

cc:   William L. Standish
      United States District Judge

      Sean Pressley, CG-4129
      SCI Camp Hill
      P.O. Box 200
      Camp Hill, PA 17001 SCI-Greene

      Craig E. Maravich
      Deputy Attorney General
      Office of Attorney General
      Fifth Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, Pa. 15219

      Robert M. Owsiany
      Law Offices of Lois E. Glanby
      Henry W. Oliver Building
      535 Smithfield Street
      Suite 1025
      Pittsburgh, PA 15222

      A. Tracey Campbell
      White & Williams
      1235 Westlakes Drive
      Suite 310, One Westlakes
      Berwyn, PA 19312-2416